ROBERT DAVID BAKER, INC.
Robert David Baker, Esq. (87314)
80 South White Road
San Jose, CA 95127
Telephone: (408) 251-3400
Facsimile: (408) 251-3401
rbaker@rdblaw.net

Attorney for Plaintiff
DAVID LEMUS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEMUS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>HENRY AVOCADO CORPORATION DBA CUSTOM RIPE AVOCADO CO; PHILIP HENRY,<br><br>　　　　　Defendants. | CASE NUMBER:<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:**<br>1.) Violation of FLSA, section 207 (overtime wages);<br>2.) Violation of California Labor Codes §§ 510, 1194, 1198 (overtime);<br>3.) Violation of Labor Code §§ 226.7, 512 (meal and rest breaks)<br>4.) Violation of Labor Codes §§ 201, 202, 203 (wages at termination)<br>5.) For Restitution of Unpaid Wages in Violation of California Unfair Trade Practices Act Business and Professions Code §§ 17200, et seq. |

Plaintiff David Lemus alleges as follows:

## NATURE OF CLAIMS

1. Henry Avocado Corporation dba Custom Ripe Avocado Co and Philip Henry ("Defendants") failed to pay overtime compensation to Plaintiff, who was employed as a loader and driver, and to provide meal and rest breaks as required by federal and state law;

2. This action seeks to recover the unpaid wages and other damages owed to Plaintiff;

## JURISDICTION AND VENUE

3. This action is brought pursuant to 28 U.S.C. § 1331 pursuant to 29 U.S.C. § 216(b) and the doctrine of supplemental jurisdiction;

4. This District is the proper venue for this action as the events detailed in this complaint occurred in this District;

## PARTIES

5. Plaintiff is an individual who is employed by Defendants, and who has his place of residence in the Northern District of California;

6. Plaintiff is informed and believes that certain employees, agents, or managers of Defendants personally participated, directed, authorized, and ratified the conduct set forth hereinafter. The conduct of those individuals was done in the course and scope of their agency and employment with Defendants;

7. Henry Avocado Corporation dba Custom Ripe Avocado Co produces, imports, markets, and distributes avocados to local wholesalers and retailers in California. Philip Henry supervises managers throughout the various facilities, as well as directs all aspects of the day-to-day business operations of Henry Avocado Corporation dba Custom Ripe Avocado Co, including but not limited to, overseeing payroll, hiring and firing the employees, and creating policies, procedures, and regulations relating to the compensation of the employees;

8. Plaintiff David Lemus began working at Henry Avocado Corporation dba Custom Ripe Avocado Co in 1995. Plaintiff separated employment in July 2017;

9. From on or after the date of his hire, Plaintiff was required to work in excess of eight hours per day and/or forty hours per week without overtime compensation;

10. During his employment at Henry Avocado Corporation dba Custom Ripe Avocado Co, Plaintiff was paid at an hourly rate;

11. During all times relevant herein, Plaintiff was denied meal breaks and rest breaks;

12. During all times relevant herein, Plaintiff was not exempt from overtime compensation pursuant to California or Federal law;

13. Because Defendants did not provide its workers with complete and accurate time records for the days they worked, Plaintiff does not have precise calculations of his overtime compensation losses. However, notwithstanding the foregoing, Plaintiff David Lemus regularly worked six days per week, Monday through Thursday, from approximately 3:30 p.m. to 6:30 pm and 8:00 p.m. to 4:00 a.m., and Sundays approximately fifteen hours. For example, for the work week beginning March 13, 2017, Plaintiff is informed and believes that he worked in excess of 23 hours overtime, but was only paid for overtime hours equaling 5.5 hours;

### FIRST CAUSE OF ACTION
(Violation of Fair Labor Standards Act – Overtime Compensation 29 U.S.C. § 207)

14. Plaintiff incorporates paragraphs 1 through 13, inclusive, as if fully set forth herein;

15. At all times relevant herein, Plaintiff was covered pursuant to the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"). Defendants were employers within the meaning of the 29 U.S.C. § 203(d), because Defendants grossed not less than $500,000 per year through multiple locations throughout California, and at all times herein relevant, Defendants were an enterprise engaged in commerce or the production of goods for commerce, and its employees handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce, e.g. avocados, *inter alia*, and Defendants regularly on a daily basis used interstate internet and other media to promote and sell their food products; used the telephone and mails for purchasing its product and transporting its product; on

a regular daily basis, employed the facilities of interstate internet entities to promote, prepare, and transport its product; and, advertised its product on interstate-based media;

16. As a driver, Plaintiff drove and made deliveries exclusively within the state of California;

17. Although Plaintiff was not exempt from overtime compensation under the FLSA during his employment with Defendant, and although Defendants had full knowledge of their duty to pay overtime compensation to Plaintiff, Defendants knowingly caused, suffered, and permitted Plaintiff to regularly work in excess of forty hours per week without paying overtime wages, of one-and-one-half Plaintiff's regular hourly rate of pay;

18. By not paying overtime wages, Defendants violated Plaintiff's rights under the FLSA;

19. As a direct and proximate cause of Defendants' failure to pay overtime wages pursuant to the FLSA, Plaintiff has incurred general damages in the form of lost overtime compensation;

20. Defendants willfully and intentionally, with reckless disregard of their responsibilities under the FLSA, and without good cause, failed to pay Plaintiff his overtime compensation, and thus Defendants are liable to Plaintiff for liquidated damages in an amount equal to his lost overtime wages pursuant to 29 U.S.C. §216(b);

21. Plaintiff has been compelled to retain an attorney to bring this action for relief and is entitled to an award of reasonable attorney fees pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff prays for judgment as set forth below;

//

//

## SECOND CAUSE OF ACTION
(Violation of California Labor Code Sections 510, 1194, and 1198 - Non Payment of Compensation Overtime)

22. Plaintiff re-alleges and incorporates the allegations of paragraphs 1- 21 as if fully set forth herein;

23. During the four years prior to the filing of the complaint in the above-entitled action and continuing, Plaintiff's employment was subject to California Labor Code sections 510, 1194, and 1198, and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code section 1173, which requires all covered employees to be paid overtime for work performed in excess of forty hours per week and eight hours per day, unless specifically exempted by the law;

24. At all times relevant herein, Plaintiff regularly worked in excess of forty hours per week and/or in excess of eight hours per day. Plaintiff was not paid the required overtime compensation;

25. During the term of Plaintiff's employment, Defendant knowingly and willfully caused, suffered and permitted Plaintiff to regularly work in excess of forty hours per week and/or eight hours per day without paying him the required overtime compensation;

26. By not paying Plaintiff overtime wages in compliance with California law, Defendant violated Plaintiff's rights under the law, specifically California Labor Code sections 510, 1194, and 1198;

27. As a direct and proximate cause of Defendant's failure to pay Plaintiff overtime wages under the California Labor Code and Wage Orders, Plaintiff has incurred damages in the form of lost overtime compensation in amounts to be proven at trial;

28. Defendants were aware of the existence and requirements of the California Labor Code Section 510 and the Wage Orders, and willfully, knowingly and intentionally failed to pay Plaintiff the overtime compensation due him at Defendant's regular pay periods;

29. Plaintiff has been compelled to retain an attorney for the purpose of redress of the Labor Code violations and is entitled to an award of attorneys fees and pre-judgment interest pursuant to California Labor Code Section 1194(a), and other applicable Code sections;

WHEREFORE, Plaintiff prays for judgment as set forth below.

### THIRD CAUSE OF ACTION
(Meal and Rest Breaks Labor Code §§ 226.7, 512)

30. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-29 as if fully stated herein;

31. At all times relevant herein, Plaintiff's employment with Defendants was governed by the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission;

32. During the period four years prior to the filing of the complaint in the above-entitled matter and continuing, Plaintiff routinely worked more than eight hours per day and over forty hours per week, yet Defendant did not provide Plaintiff meal breaks nor mandatory ten-minute rest breaks, and compelled Plaintiff to work through those meal and rest break periods;

33. By requiring Plaintiff to work through his mandated meal and rest breaks, Defendant violated Plaintiff's rights under Labor Code Section 226.7;

34. As a direct and proximate cause of Defendants' failure to provide the mandated meal and rest breaks under the California Labor Code and Wage Orders, Plaintiff has incurred compensatory damages in the form of lost meal and rest break premiums in amounts to be proven at trial;

35. Defendant were aware of the existence and requirements of California Labor Code Sections 226.7 and 512 and the Wage Orders, and Defendant willfully, knowingly, and intentionally failed to provide Plaintiff with mandatory meal and rest breaks;

WHEREFORE, Plaintiff prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION
(Failure to Pay Wages Upon Separation of Employment - Labor Code §§ 201, 202, 203)

36. Plaintiff re-alleges and incorporates those allegations of paragraphs 1-35, as if fully stated herein;

37. Defendants are subject to Labor Code Sections 201, 202, and 203, which provide that upon separation from employment, an employee is entitled to immediate payment of wages due, and if an employee resigns, the employer must pay that employee all wages due within a reasonable period of time, not to exceed 72 hours under Labor Code section 203;

38. Defendants failed to make payment of wages due to Plaintiff when he quit his employment in July 2017;

39. By not paying Plaintiff pursuant to Labor Code sections 201-203, Defendants violated Plaintiff's rights under the Labor Code;

40. As a direct and proximate cause of Defendants violations of the Labor Code, Plaintiff has incurred compensatory and economic damages in the form of lost wages, in an amount to be proven at trial;

41. Defendants were aware of the existence of the requirement of payment of wages due upon separation of employment pursuant to the California Labor Code, and willfully, knowingly, and intentionally failed to pay Plaintiff wages due upon separation of employment;

42. Plaintiff has been required to retain an attorney for the purposes of redress of the Labor Code violations set forth herein and is entitled to an award of attorney fees and pre-

judgement interest pursuant to California Labor Code section 1194(a), and other applicable Labor Code sections.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## FIFTH CAUSE OF ACTION
(For Restitution of Unpaid Overtime Wages - Business and Profession Code Sections 17200, et seq.)

43. Plaintiff re-alleges and incorporates those allegations of paragraphs 1-42, as if fully stated herein;

44. At all times relevant herein, Plaintiff's employment with Defendant was governed by the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission and the FLSA, which require all employees to be paid overtime for work performed in excess of forty hours per week/or eight hours per day unless specifically exempted by the law and provided meal and rest breaks pursuant to the California Labor Code and applicable Wage Orders, Defendants were required to pay overtime compensation and provide meal and rest breaks to Plaintiff;

45. During the four years prior to filing this complaint and continuing, Defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code Section §17000 *et seq.*). Defendants violated the Unfair Trade Practices Act, by *inter alia*, failure to pay Plaintiff overtime wages and to provide meal and rest breaks, and to pay wages at separation of employment;

46. During the four years prior to filing this complaint and continuing, Defendants wrongfully obtained monies from Plaintiff in the form of overtime wages, meal and rest break hours that inured to Plaintiff, and failure to pay wages at separation. By doing so, Defendants violated the California Unfair Trade Practices Act, Business and Professions Code §17200, *et*

*seq.* by committing acts prohibited by the California Labor Code and applicable California Wage Orders, in order to give Defendants a competitive advantage over businesses with whom Defendants are in competition with, and who were in compliance with California's wage and hour laws;

47. As a direct and proximate cause of Defendants' statutory violations, the rights of the Plaintiff under the law were violated, causing him to incur general damages in the form of unpaid and lost wages to which he was legally entitled;

48. Defendants were aware of the existence and requirements of the state and federal wage and hour laws, and willfully, knowingly, intentionally, fraudulently, and oppressively violated those wage and hour laws, and the violation was willful, intentional, malicious, fraudulent, reprehensible, and done without regard for the health or welfare of Plaintiff and therefore Plaintiff seeks an award of punitive damages to be determined at time of trial. Defendants failed to pay Plaintiff overtime pay and provide meal and rest breaks;

WHEREFORE, Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and demands as follows:

1. Award Plaintiff general and economic damages for unpaid overtime compensation, loss of meal, and rest break; and other pecuniary losses in amounts to be proven at trial;

2. Award Plaintiff pre-judgment interest of 10% on the amounts due under the California Labor Code;

3. Award Plaintiff liquidated damages according to the FLSA and California Labor Code section 1197.7, for overtime wage violations, in amounts equal to the overtime compensation;

4. Award Plaintiff restitution of unpaid overtime compensation and meal and rest break premiums, *inter alia,* pursuant to California Business and Professions Code §17203 in amounts to be proven at trial;

5. Award Plaintiff compensation pursuant to Labor Code Section 201 - 203, for the failure of Defendants to make payment of wages due on separation of employment;

6. Enter a permanent injunctive order against Defendant ensuring compliance with the California Labor Code and Wage Orders;

7. Enter an order decreeing Defendant Philip Henry personally liable for all damages incurred by Plaintiff;

8. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and the FLSA;

9. Award Plaintiff his costs of suit herein;

10. Grant such other and further relief as this Court may deem appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES**

Dated: December 8, 2017

_____/S/_____
Robert David Baker, Esq.